UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERA KUZMENKO,<br>Petitioner,<br>v.<br>ARINDA PHILLIPS, et al.,<br>Respondents. | No. 2:25-cv-00663-DJC-AC<br><br>ORDER |

Pending before the Court is Petitioner's Petition for Writ of Habeas Corpus. This Court previously granted Petitioner's Motions for Temporary Restraining Order and Preliminary Injunction, finding that Petitioner was likely to succeed on the merits of her claim that Respondents violated the First Step Act by denying her the ability to apply her earned First Step Act Credits toward home confinement based on an unresolved immigration detainer. Respondents move to dismiss the Petition, arguing that Petitioner's claims are now moot. For the reasons discussed below, the Court DENIES Respondents' Motion and GRANTS the Habeas Petition.

**BACKGROUND**

The facts and procedural history are largely known to the Parties and are minimally discussed here. Following this Court's order returning Petitioner Vera

Kuzmenko to prerelease custody in March 2025, Petitioner has been serving the remainder of her 168-month sentence in home confinement. (*See* TRO Order (ECF No. 18) at 2–4; PI Order (ECF No. 20) at 2–3; Mot. (ECF No. 42) at 1.) Petitioner is expected to be released from BOP custody on September 16, 2026. (Mot. at 2 (citing Vickers Decl. (ECF No. 42, Ex. 1) ¶ 12.)

Respondents have responded to the Petition, and seek dismissal based on arguments that Petitioner's claims are now moot. (*See generally* Mot.) Petitioner opposes dismissal, arguing that the Court should grant relief and convert the preliminary injunction to a permanent injunction. (*See generally* Opp'n (ECF No. 43).)

**DISCUSSION**

Respondents argue that the Petitioner's claims are moot because the Court already granted the relief Petitioner sought and because Petitioner is protected as a "Class Member" covered by the consent decree between the parties in *California Coalition for Women Prisoners, et al., v. United States of America Federal Bureau of Prisons, et al.,* 4:23-cv-04155-YGR (N.D. Cal. 2023). (Mot. at 3–4.) Petitioner does not dispute that she would be a protected class member. Instead, she contends that her Petition is not moot because voluntary cessation doesn't render her Petition moot; it is possible that her BOP sentence may extend beyond the timeframe of the consent decree; and if BOP fails to comply with the consent decree, then Petitioner will have to spend time working with a special master to be returned to home confinement. (Opp'n at 3–5.)

Petitioner was incarcerated at FCI – Dublin from April 12, 2016, until April 21, 2024. (Vickers Decl. ¶ 6.) As such, Petitioner is a protected class member of the consent decree issued in *California Coalition for Women Prisoners*. (*Id.* ¶ 8.) The consent decree was approved on February 27, 2025, is effective until February 27, 2027, and provides:

> BOP shall release to community placement any Class Member eligible for community under the [First Step Act] or the [Second Chance Act] as soon as practicable after the Class Member becomes eligible. When consistent with the [First Step Act] and 18 U.S.C. § 3621(b), BOP will not deny FTCs or release to community placement under the [First Step Act] to any Class Member on the basis of immigration status or the existence of a detainer alone.

(*Id.* ¶¶ 9–10 (citing Consent Decree (ECF No. 42, Ex. 2).)

The Constitution grants federal courts jurisdiction to decide "Cases" or "Controversies." *Fed. Bureau of Investigation v. Fikre,* 601 U.S. 234, 240 (2024) (citing Art. III, §§ 1, 2). A court with jurisdiction has a "virtually unflagging obligation" to hear and resolve questions properly before it. *Id.* (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)). Conversely, where no "live" issues exist or the parties lack a "legally cognizable interest in the outcome" the case must be dismissed as moot. *Clark v. City of Lakewood*, 259 F.3d 996, 1011 (9th Cir. 2001), *as amended* (Aug. 15, 2001). However, "a defendant's voluntary cessation of a challenged practice will moot a case only if the defendant can show that the practice cannot reasonably be expected to recur." *Fikre,* 601 U.S. at 241 (internal quotations omitted) (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000) and *United States v. W. T. Grant Co.*, 345 U.S. 629, 632–33, (1953)). Showing a case is truly moot is a "formidable burden" requiring the defendant to prove "no reasonable expectation remains that it will return to [its] old ways." *Id.* (citing *W. T. Grant Co.*, 345 U.S. at 632–33).

Here, Defendant has not met this "formidable burden." *Id.* The Court acknowledges the imposition of the consent decree, and the fact that Petitioner would be a protected class member. However, as Petitioner points out, the consent decree was approved on February 27, 2025, yet Petitioner remained in custody until March 6, 2025 – and was released only because of this Court's Order. Accordingly, the Court

cannot find that "no reasonable expectation remains" that Respondents will not engage in its former practices. Thus, the Court adopts the reasoning in its order granting preliminary injunctive relief and finds that imposing a permanent injunction pending the completion of Petitioner's sentence is appropriate.

**CONCLUSION**

Accordingly, the Court DENIES Respondents' Motion to Dismiss (ECF No. 42) and GRANTS Petitioner's Petition for Writ of Habeas Corpus (ECF No. 1). Respondents are permanently enjoined and restrained from removing Petitioner Vera Kuzmenko from prerelease custody based on her immigration status pending the completion of her imposed sentence. The Clerk of the Court is directed to enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Dated: **August 4, 2026**

Daniel J. Calabretta
Hon. Daniel J. Calabretta
UNITED STATES DISTRICT JUDGE

DJC6 – KUZMENKO25cv00663.mtd_v2